IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE JOHNSON, | No. 4:22-CV-01645 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| MICHAEL ZAKEN, | |
| Respondent. | |

**MEMORANDUM OPINION**

DECEMBER 23, 2022

In October 2022, *pro se* Petitioner Antoine Johnson, who is currently incarcerated at the State Correctional Institution, Greene (SCI Greene), located in Waynesburg, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnson seeks to overturn his 2021 state-court conviction and sentence, which were imposed by the Court of Common Pleas of Northampton County, Pennsylvania. Respondents move to transfer this case to the United States District Court for the Eastern District of Pennsylvania, where the conviction and sentencing occurred.[1] Because Johnson should have filed his habeas petition in either the Western District of Pennsylvania or the Eastern District of Pennsylvania, the Court will grant Respondents' unopposed motion to transfer.

---

[1] *See generally* Doc. 13.

I.  **BACKGROUND**

According to Johnson's Section 2254 petition, his 2021 conviction and sentence were imposed by the Court of Common Pleas of Northampton County.[2] He is currently incarcerated at SCI Greene, which is located in Greene County and thus situated in the Western District of Pennsylvania.[3]  Consequently, under 28 U.S.C. § 2241(d),[4] Johnson improperly filed his habeas petition in this Court, as there is no basis for venue in the Middle District under Section 2241(d).

Respondents move to transfer this case to the United States District Court for the Eastern District of Pennsylvania, an acceptable venue pursuant to Section 2241(d).[5]  Johnson has not opposed or otherwise responded to Respondents' motion to transfer, and therefore the motion is ripe for disposition.

II.  **DISCUSSION**

Pennsylvania, like many other states, has multiple federal judicial districts.[6] Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section

---

[2]  *See* Doc. 1 at 1.
[3]  *See* 28 U.S.C. § 118(c).
[4]  Section 2241(d) states, "Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d).
[5]  *See id.*; 28 U.S.C. § 118(a).
[6]  *See* 28 U.S.C. § 118.

2254 can be filed in either the district where the petitioner is in custody, or in the district where the petitioner was convicted and sentenced. Under 28 U.S.C. § 1406(a), when a case is filed in a judicial district where venue is improper, the court may, if it is "in the interest of justice, transfer such case to any other district or division where it could have been brought."[7]

Here, it is in the interest of justice to transfer this case to the Eastern District of Pennsylvania. That district, rather than the Western District, is the more appropriate venue under the circumstances. As Respondents explain, all the state-court records, transcripts of proceedings, and witnesses are likely located in that district. Moreover, the District Attorney's Office of Northampton County, which prosecuted Johnson's case and will be responsible for responding to his Section 2254 petition, is likewise situated in the Eastern District.

The Court thus finds that, in the interest of justice, Respondents' unopposed motion to transfer should be granted. The Court will therefore transfer this case pursuant to 28 U.S.C. § 1406(a) to the Eastern District of Pennsylvania.

### III. CONCLUSION

Based on the foregoing, the Court will grant Respondents' unopposed motion to transfer (Doc. 13) and will transfer Johnson's Section 2254 petition to

---

[7] 28 U.S.C. § 1406(a); *Lafferty v. St. Riel*, 495 F.3d 72, 78 (3d Cir. 2007).

the United States District Court for the Eastern District of Pennsylvania. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

4